IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA KELLER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0568 XR |
| AT&T DISABILITY INCOME PLAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR LEAVE TO AMEND

The matter before the Court is plaintiff's motion for leave to amend (docket entry 17). Also before the Court are the response and reply to the motion.

By the motion, plaintiff asks for leave to amend her complaint to include a claim that serious procedural violations occurred in connection with the denial of her claim for disability benefits by reason of the hiring of biased medical experts by the third party claims administrator, Sedgwick Claims Management Services, Inc., and that these procedural violations warrant application of a de novo standard of review by this Court. She relies on a recent decision by the Fifth Circuit which leaves open the possibility that the deferential standard of review generally applied to review of adverse benefit determinations may be modified if the administrator failed to substantially comply with ERISA's procedural requirements and that damages might be awarded in an appropriate case.[1] She argues that a medical consultant is not one appropriately trained in the relevant field of

---

[1] **Lafleur v. Louisiana Health Serv. & Indem. Co.**, 563 F.3d 148 (5th Cir. 2009).

medicine, as 29 C.F.R. Sec. 2560.503-1(h)(3)(iii)[2] requires, if that consultant is repeatedly retained by a plan administrator or insurer. She also argues that such a consultant may not have the requisite "experience in the field of medicine involved in the medical judgment" if that consultant spent 82% of his time writing reports for NMR, a firm hired by Sedgwick for the purpose of providing medical consultations in disability determinations. She insists that the statutory requirement that review of benefit denials by the fiduciary be based on full and fair review[3] and the regulatory requirement that the fiduciary consult with medical professionals who have appropriate training and experience, forbids the fiduciary from consulting with unreasonably biased experts.

Defendant opposes the motion arguing that it is untimely (made after the close of the period assigned for amending pleadings), and that the recent Fifth Circuit case on which plaintiff relies merely follows prior ERISA cases in which procedural violations were found to warrant unusual remedies. Further defendant argues that the new claim is frivolous and futile, in as much as no authorities have recognized a claim such as plaintiff attempts to present here.

Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 15(a) which provides as follows:

> (a)  Amendments.  A party may amend the party's pleading once as a matter of

---

[2] 29 U.S.C. Sec. 2560.503-1(h)(3)(iii) provides:

(iii) [I]n deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, including determinations with regard to whether a particular treatment, drug, or other item is experimental, investigational, or not medically necessary or appropriate, the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

[3] 29 U.S.C. Sec. 1133(2).

2

course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Rule 15(a) evidences a bias in favor of granting leave to amend.[4] Following the Supreme Court's guidance, the Fifth Circuit uses five factors to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.[5] Absent any of these factors, the leave sought should be "freely given."[6]

After reviewing the authorities cited by the parties, I will deny the motion. Defendant correctly points out that the motion was filed two months after the deadline for amending pleadings. Federal Rule of Civil Procedure 6(b) provides that enlargement of time may be allowed when the failure to timely act was the result of excusable neglect. Plaintiff asserts that the March 2009 decision by the Fifth Circuit in the **Lafleur** case came after the deadline for amending pleadings and until that case the availability of substantive damages in our circuit was in question.

However, I do not read **Lafleur** to recognize a new claim; the claim which plaintiff presents in her proposed amendment was addressed as early as 1995 by the Fifth Circuit when reviewing the granting of summary judgment on an ERISA breach of fiduciary duty claim.[7] Rather in **Lafleur** the

---

[4]**Smith v. EMC Corp**., 393 F.3d 590, 595 (5th Cir. 2002).

[5]**Rosenzweig v. Azurix Corp.**, 332 F.3d 854, 864 (5th Cir.2003) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)).

[6]**Foman**, 371 U.S. at 182.

[7]**See Hines v. Massachusetts Mutual Life Ins. Co.**, 43 F.2d 207, 211 (5th Cir. 1995).

Court analyzed the remedies, including substantive damages such as a retroactive benefit award, available when a fiduciary did not substantially comply with ERISA's procedural requirements and where that violation was continuous and amounted to substantial harm. Plaintiff appears to agree that the claim she proposed to add is not new claim after **Lafleur**; instead she argues that the claim did not become attractive until the availability of damages and benefits was specifically acknowledged in **Lafleur**. While that may be true, it does not warrant the enlargement of the deadline to amend to add this new claim.

      Additionally, the motion for leave to amend is denied because plaintiff's proposed claim is futile. I find no authorities which have recognized a violation of the regulations which require that the "fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved" where those experts are frequently, or even repeatedly, retained by a third party administrator. In this regard I note that in **Achorn v. Prudential Insurance Company of America**, 2008 WL 4427159 (D. Maine 2008) the Court allowed limited discovery of alleged biased decision making by firms hired by the fiduciary to perform medical consulting services. That discovery included inquiry concerning the percentage of claim referrals to those firms and the percentage of referrals which resulted in a finding favorable to claimants. However, in **Achorn** a structural conflict existed in that the fiduciary both funded benefits and made the decision to terminate them.[8] In the case before this Court, Sedgwick – not AT&T – hired the medical consultants, and there is no structural conflict as there was in **Achorn.** This distinction is significant. There is no authority to support a claim that there was not substantial compliance with Sec.

---

[8] **Achorn v. Prudential Insurance Co. of America,** 2008 WL 4427159 at *5 (D. Maine 2008)

4

2560.503-1(h)(3)(iii) of 29 C.F.R. when the medical experts used were ones consistently hired by a plan administrator such as Sedgwick, or when the bulk of the professional work those experts performed were disability consultations.

For these reasons, it is ORDERED that the motion for leave to amend is DENIED.

**SIGNED** on May 18, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE