IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA KELLER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0568 XR |
| AT&T DISABILITY INCOME PLAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOCKET #13)

The matter before the Court is defendant's motion for a protective order (docket entry #13). Also before the Court are the response and reply. By the motion defendant asks the court to protect it from interrogatories, requests for admission and requests for production that are beyond the scope of permissible discovery.

In her complaint, plaintiff requests the Court set aside the denial of her claim for short-term disability benefits under the defendant's benefit plan. She asserts that the use of biased experts by the third party plan administrator, Sedgwick Claims Management Services, Inc., deprived her of a full and fair review of the denial of her claim.

The controlling authorities direct that the Court's review of the denial is decided under an "arbitrary and capricious" standard of review, i.e, unless a decision is so wrong or unreasonable so as to be arbitrary and capricious, it will be upheld.[1] Generally, review of the administrative record is sufficient for the Court to make this review. However, where a claimant alleges that there is a

---

[1] **Firestone Tire and Rubber Co. v. Burch**, 489 U.S. 101, 115 (1989).

1

structural conflict of interest such as when the employer or plan administrator makes eligibility determinations **and** funds benefit awards, discovery into the extent of the alleged conflict is permitted.[2]

Most of the discovery which is the subject of this motion exceeds the scope of permissible discovery. Plaintiff makes much of the fact that National Medical Review Co., Ltd. (NMR) is Sedgwick's exclusive source for expert medical consultants. She also argues that the opinions of NMR consultants are routinely accepted by Sedgwick when making a disability determination. (Response to motion at page 7). However, this proffer does not support the conclusion that the experts were biased or the denial was arbitrary and capricious. Nor does the fact that other ERISA plan administrators or insurers may have consistently hired NMR. How many file reviews NMR performs, how much the consultants are paid, how often the consultants' opinions are followed or rejected by Sedgwick, and agreements between Sedgwick and NMR are not relevant to any claims in this case.

However, the motion will be denied and defendant directed to respond to request for admission #6 – the regulations require the fiduciary to consult with an appropriately trained health care professional when deciding an appeal of an adverse benefit decision. The appeals specialist for Sedgwick, Teresa Elkins, decided the appeal in part based on the opinion of Dr. Silver. Whether she reviewed the resume of Dr. Silver is relevant to compliance with Sec. 2560.503-1(h)(3)(iii) of 29 C.F.R.

I will also deny the motion with respect to request for production # 7 – the review procedures which Sedgwick followed are similarly relevant to the issue of compliance with Sec. 2560.503-

---

[2] **Kergosien v. Ocean Energy, Inc.**, 390 F.3d 346, 356 (5th Cir. 2004).

1(h)(3)(iii).

Finally, I will deny the motion with respect to the second request for production ## 1 and 2. Those requests are for documents concerning the credentials of Dr. Silver and Dr. Patel, the two NMR health care professionals whose opinions were used by Sedgwick when deciding the appeal. As noted above, the regulations require consultation with a health care professional with appropriate training and experience. What Sedgwick knew about the credentials of those professionals is relevant to whether the regulations were followed.

To the extent the requested discovery involves events occurring after the final denial of her claim for benefits, plaintiff has failed to show how that information is relevant; i.e. that the administrator abused its discretion in refusing to consider evidence of the disability finding by Social Security received after the final denial of benefits by the Plan administrator. Presumably, if the Plan included procedures for receiving and reviewing new evidence and plaintiff was claiming that the administrator acted arbitrarily and capriciously in refusing to do so in this case, she would have so argued in responding to this motion, if not in the otherwise thoroughly drafted complaint.

For the above reasons, the motion for protective order is ORDERED GRANTED in part and DENIED in part consistent with the above decision.

**SIGNED** on May 18, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE